IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAY SANDON COOPER,

 Plaintiff,

v.               3:13-CV-01985-N-BK

THE BANK OF NEW YORK MELLON,
OCWEN LOAN SERVICING, LLC,
DEAC CAUFIELD, RICHARD PATTON,
GREG BERTRAND, and DEBBIE
RYAN,

 Defendants.

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3, this case has been referred to the undersigned for pretrial management. The cause is now before the Court on Defendants' *Motion to Dismiss* (Doc. 6), and the *pro se* Plaintiff's *Motion to Abate/Remand* (Doc. 8). For the reasons that follow, the undersigned recommends that Defendants' *Motion to Dismiss* (Doc. 6) be **GRANTED** and that Plaintiff's *Motion to Abate/Remand* (Doc. 8) be **DENIED**.

### I. PROCEDURAL BACKGROUND

In May 2013, Plaintiff brought this action in state court against Defendants in connection with the anticipated foreclosure of his home. He alleged that Defendant Bank of New York Mellon ("Mellon"), by and through its mortgage servicer Ocwen Loan Servicing ("Ocwen"), was exercising its rights under his deed of trust with gross negligence such that its terms were unconscionable. (Doc. 1-1 at 7). Plaintiff contended that the mortgage on a homestead could never be "upside down" when a homeowner needed to refinance his loan in order to avoid foreclosure. *Id.* at 8. He asserted that because the deed which resulted in "Defendant's"

attempted non-judicial foreclosure "for excessive charges" was secured by his homestead, the deed's terms were unconscionable and should be stricken. *Id.* Plaintiff alleged that an unspecified "Defendant" had deprived him of the ability to readjust his debt to prevent the impending foreclosure of his home and, as a result, he had suffered mental anguish, emotional distress, and loss of sleep. *Id.* at 10. Plaintiff requested (1) an accounting of his mortgage; (2) that the unconscionable clauses in the deed be stricken; (3) that the court "readjust" his mortgage so that he could refinance his loan terms and avoid foreclosure; (4) cancellation of the mortgage debt; and (5) punitive and exemplary damages. *Id.* Lastly, Plaintiff sought a temporary restraining order ("TRO") to prevent the foreclosure sale of his home by "Defendant and those in privity with them . . . includ[ing] but are [sic] not limited to, Substitute Trustees Deac Caufield, Richard Patton, Greg Bertrand, and Debbie Ryan." *Id.* at 13.

Mellon and Ocwen (collectively, "Defendants") removed the case to this federal district court based on diversity jurisdiction, alleging that (1) the amount in controversy requirement is satisfied; (2) Plaintiff is a citizen and resident of Texas; and (3) all defendants are either citizens of other states, nominal parties, or improperly joined. (Doc. 1 at 3-9). Defendants now have moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 6). While Plaintiff has not directly responded to Defendants' dismissal motion, he has moved to remand his case to state court for lack of federal subject matter jurisdiction.[1] (Doc. 8).

---

[1] Plaintiff also moved to abate his case due to his imprisonment as of July 8, 2013. (Doc. 8). However, it is apparent from the record in another case Plaintiff filed in this district that he has been out of jail for several months. *See* Case No. 05-CV-01778-N at Doc. 132 (returned mail dated July 26, 2013, addressed to Plaintiff at Grayson County Justice Center); Doc. 133 (Plaintiff's *Objections to Findings, Conclusions and Recommendations* dated October 21, 2013 listing address as 1520 Janwood Dr., Plano, TX, which is the address of the residence at issue in this case).

Before addressing Defendants' dismissal motion, the Court must first consider its subject matter jurisdiction over the instant case. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) ("Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter.").

## II. SUBJECT MATTER JURISDICTION

**A.     Jurisdictional Arguments**

When Defendants removed this case to federal court, they alleged that (1) Plaintiff was a resident of Texas, (2) Defendants were citizens of various other states, and (3) the individual substitute trustee defendants, Caufield, Patton, Bertrand, and Ryan (collectively, the "Trustee Defendants") were of unknown residency, but were both nominal defendants and had been fraudulently joined.[2]  (Doc. 1 at 3-6).  Defendants assert that Plaintiff alleges no facts or claims directly against the Trustee Defendants, and does not allege that they took any part in the servicing of his loan, owed or breached any duty to him, or claimed any interest in his property. *Id.* at 4.  Further, Defendants contend that Plaintiff improperly joined the Trustee Defendants as evidenced by the fact that there is no reasonable basis for predicting that he might be able to recover against any of them given that he does not allege that they were involved in any of the actions that underpin his claims against Defendants.  *Id.* at 5-6.  As such, Defendants maintain that this Court should disregard the Trustee Defendants' citizenship when determining whether diversity jurisdiction exists.  *Id.* at 6.  Plaintiff contends that diversity jurisdiction does not exist because the Trustee Defendants are citizens of Texas, and Defendants have removed this case

---

[2] Defendants are represented by the same counsel.  Plaintiff did not request that the state court issue citations for service upon the Trustee Defendants, and they apparently have never been served nor have they entered an appearance in this case.

from state court for fraudulent reasons. (Doc. 8).

**B.     Applicable Law**

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. §§ 1441(a), (b). A federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a)(1). Thus, a state case involving opposing parties from different states is removable. 28 U.S.C. § 1441. The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). A plaintiff may move to remand an action on the basis of any defect in the removal procedure, other than subject matter jurisdiction, within 30 days of removal. 28 U.S.C. § 1447(c). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

In evaluating citizenship for purposes of determining whether complete diversity exists, the court considers only the citizenship of real and substantial parties to the litigation and does not take into account nominal or formal parties that have no real interest in the litigation. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). "Whether a party is [formal or] 'nominal' for removal purposes depends on whether, in the absence of the [party], the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Acosta v. Master Maint. & Constr. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (internal quotations omitted). An alternate articulation of the test is whether a named party's "role in the law suit is that of a depositary or stakeholder." *Tri-Cities Newspapers, Inc.*

*v. Tri-Cities Printing Pressmen & Assts. Local 349*, 427 F.2d 325, 327 (5th Cir. 1970) (internal quotations omitted). "To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar Cnty. Bd. of Trustees*, 925 F.2d 866, 871 (5th Cir. 1991) (quotation omitted). In sum, a "plaintiff's joinder of formal or unnecessary parties cannot defeat diversity jurisdiction and prevent removal." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 710 (N.D. Tex. 2011) (Lynn, J.) (quotation omitted). In *Marsh*, the district court retained subject matter jurisdiction over a foreclosure action even though the plaintiffs named as defendants the banks' non-diverse substitute trustees and legal counsel. *Id.* The court found that there was no reasonable basis for predicting that the plaintiffs' claims against those parties would be successful in state court because, in reality, only the rights of the banks were in dispute. *Id.* at 708-10. Consequently, the court dismissed the claims against the non-diverse defendants. *Id.*

A defendant also may argue that a plaintiff has improperly joined a non-diverse defendant for purposes of defeating diversity jurisdiction, but the defendant's burden of persuasion is a heavy one. *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). Akin to the nominal party test, the defendant can make this showing by demonstrating the plaintiff's inability to establish a cause of action against the non-diverse party in state court. *Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006) (quotation omitted). To make that determination, "[t]he court may conduct a Fed. R. Civ. P. 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no

5

improper joinder." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (footnote omitted).

**C.     Jurisdictional Analysis**

Under the circumstances of this case, the undersigned concludes that the Trustee Defendants are indeed nominal parties. In his 15-page petition, Plaintiff names them only in his plea for injunctive relief and then only insofar as he seeks to prevent the foreclosure sale of his home by "Defendant and those in privity with them," including the Trustee Defendants. (Doc. 1-1 at 13). Otherwise, Plaintiff does not make any allegations in the petition about the Trustee Defendants whatsoever. Indeed, Plaintiff stated that he was not requesting citations for the Trustee Defendants at the time he filed his petition, but would request them at a later date. *Id.* at 4. Under these circumstances, "the Court can enter a final judgment consistent with equity and good conscience, which would not be in any way unfair or inequitable." *Acosta*, 452 F.3d at 379; *see Eisenberg v. Deutsche Bank Trust Co. Ams.*, No. SA-11-CV-384-XR, 2011 WL 2636135 at *4 (W.D. Tex. 2011) (finding that substitute trustees named solely in that capacity were nominal parties to a suit to enjoin foreclosure, and noting that section 51.007(e) of the Texas Property Code expressly provides that dismissal of trustees does not prejudice a plaintiff's right to seek injunctive relief). For the same reasons, Plaintiff has failed to state any claim against the Trustee Defendants and thus the Court finds that he improperly joined them for purposes of defeating diversity jurisdiction. *Smallwood*, 385 F.3d at 573; *see Lee Lewis Const., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001) (noting that in order to state a claim for gross negligence, a plaintiff must show that (1) the act or omission complained of creates an extreme degree of risk of seriously harming others, and (2) the actor was aware of the risk, but chose to proceed in

6

conscious indifference to the rights, safety, or welfare of others). As such, the citizenship of the Trustee Defendants should be disregarded for purposes of assessing subject matter jurisdiction in this case. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"); *Cantor v. Wachovia Mortgage FSB*, 641 F. Supp. 2d 602, 612 (N.D. Tex. 2009) (Lynn, J.) (disregarding citizenship of trustee after finding that trustee was improperly joined).

The Court further finds that Mellon is a citizen of New York because that is where it is incorporated and maintains its principal place of business. 28 U.S.C. §1332(c) (statute governing the determination of the citizenship of a corporation); *see, e.g.*, *McCarthy v. Bank of New York/Mellon*, No. 10-CV-10486, 2010 WL 2144241 at *1 (D. Mass. 2010) (finding that Mellon is a citizen of New York where its main office is located). Additionally, Ocwen is a limited liability company, the citizenship of which is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Defendants represent that the sole member of Ocwen is Ocwen Financial Corporation, which is a citizen of Florida because that is where Ocwen maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Therefore, because Plaintiff is a citizen of Texas, complete diversity of citizenship exists. (Doc. 1-1 at 20) (noting Plaintiff's Texas home address).

In addition, the amount in controversy exceeds $75,000.00. First, Plaintiff requests cancellation of the mortgage debt, which he asserts is more than $380,000.00. (Doc. 1-1 at 9-10). Further, Plaintiff contends that the value of the property is $173,751.00. *Id.* at 17. As a

7

result, the undersigned finds that removal of this case was proper as the Court has subject matter jurisdiction. For the reasons set forth above, Plaintiff's *Motion to Remand/Abate* (Doc. 8) should be **DENIED**. The Court next addresses Defendants' *Motion to Dismiss*.

### III. MOTION TO DISMISS

**A.   Arguments**

Defendants note that Plaintiff asserts only a cause of action for gross negligence based on their decision to proceed with a non-judicial foreclosure, which purportedly infringes on his right to refinance his loan to avoid foreclosure. (Doc. 6-1 at 8). Defendants argue that there is no legal authority to support Plaintiff's theory that a mortgage on a homestead can never be "upside down" when a homeowner needs to refinance to avoid foreclosure. *Id.* at 9-10. Further, Defendants contend that Plaintiff has not stated a claim for gross negligence because he has not alleged the existence of a legal duty. *Id.* at 10. Finally, Defendants urge that Plaintiff's tort claim is barred by the economic loss rule because his alleged damages were the result of his contractual relationship with Defendants. *Id.* at 11-12.

**B.   Applicable Law and Analysis**

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). The complaint should not simply contain conclusory allegations, but must be pled with a certain

8

level of factual specificity because the district court cannot "accept as true conclusory allegations or unwarranted deductions of fact." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quotation omitted).

To state a claim for gross negligence, Plaintiff must show (1) the breach of a duty involving an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and (2) that the actor was actually aware of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others. *General Motors Corp. v. Sanchez*, 997 S.W.2d 584, 595 (Tex. 1999). Here, Plaintiff has not alleged that Defendants breached any duty owed to him in relation to their financial dealings. Indeed, the law does not support the existence of any such duty of care separate from that which may be contained in the parties' contract. *See FDIC v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990) (noting that the relationship of mortgagor and mortgagee does not ordinarily involve a duty of good faith); *Coleman v. Bank of America, N.A.*, No. 11-CV-0430, 2011 WL 2516169 at *1 (N.D. Tex. 2011) (Kaplan, M.J.) (holding that Texas does not "recognize a common law duty of good faith and fair dealing in transactions between a mortgagee and mortgagor, absent a special relationship marked by shared trust or an imbalance in bargaining power"), *adopted by* 2011 WL 2516668 (N.D. Tex. 2011) (Fish, J.); *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 731 (E.D. Tex. 2011) (same). Further, Plaintiff did not allege that Defendants' actions created an extreme risk of harm. *See Lee Lewis*, 70 S.W.3d at 785; *Sanchez*, 997 S.W.2d at 585.

Additionally, as Defendants contend, Plaintiff's claim is barred by the economic loss rule. That doctrine precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex.

9

1991). Thus, a claim in tort will not lie when the only injury alleged is for economic damages that are caused by the failure to perform a contract. *See Sterling Chems., Inc. v. Texaco, Inc.*, 259 S.W.3d 793, 796-98 (Tex. App.–Houston [1st Dist.] 2007). Nevertheless, if the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff may bring a tort claim in addition to a claim for breach of contract. *Sw. Bell*, 809 S.W.2d at 494. To determine whether a plaintiff may recover on a tort theory, courts look at the nature of the plaintiff's loss. *See Sterling Chems., Inc.*, 259 S.W.3d at 796-98.

In this case, Plaintiff's gross negligence claim is based on Defendants' attempts to foreclose on his home and refusal to allow him to refinance his loan on the property. Plaintiff has not alleged any independently recoverable injury outside of the economic losses caused by the supposed breach of the deed of trust and related loan documents. Although Plaintiff did state that he suffered mental anguish and emotional distress as a result of Defendants' allegedly tortious actions, "without intent or malice on the defendant's part, serious bodily injury to the plaintiff, or a special relationship between the two parties," recovery for mental anguish is permitted "in only a few types of cases involving injuries of such a shocking and disturbing nature that mental anguish is a highly foreseeable result." *City of Tyler v. Likes*, 962 S.W.2d 489, 496 (Tex. 1997). Those circumstances are not present in this case. Therefore, Plaintiff cannot state a claim for gross negligence and that claim should be dismissed with prejudice. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

Turning next to Plaintiff's request for a TRO, under Texas law, in order to establish the

right to such relief, the applicant must show (1) a probable and irreparable injury; and (2) a probable right to recover after a final hearing on the merits. *Seaborg Jackson v. Beverly Hills Sav.*, 753 S.W.2d 242, 243 (Tex. App.–Dallas 1988). To show a probability of success on the merits of an injunction claim, a plaintiff must first plead a facially meritorious underlying cause of action because "[a]n injunction is an equitable remedy, not a cause of action" unto itself. *Brown v. KePing Xie*, 260 S.W.3d 118, 122 (Tex. App.–Houston [1st Dist.], 2008). A party thus can secure an injunction only by showing a likelihood of recovery "through a claim or cause of action." *Id.* (quotation omitted). Because Plaintiff's claim for gross negligence is baseless, his request for injunctive relief should be denied. *See Wildy v. Wells Fargo Bank, N.A.*, No. 12-CV-1831, 2013 WL 246860, at *6 (N.D. Tex. 2013) (Stickney, M.J.) (holding that where no viable claims for relief existed, the plaintiff was not entitled to injunctive relief); *Cook v. Wells Fargo Bank, N.A.*, No. 10-CV-0592, 2010 WL 2772445, at *4 (N.D. Tex. 2011) (Fitzwater, C.J.) ("Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action.").

## IV. CONCLUSION

For the reasons stated above, Defendants' *Motion to Dismiss* (Doc. 6) should be **GRANTED**, Plaintiff's *Motion to Remand/Abate* (Doc. 8) should be **DENIED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 8, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE